## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHARLES THOMAS ALLEN,          :

     Petitioner                  :

     v.                          :    Civil Action No. WDQ-12-2260
                                     Criminal Action No. WDQ-06-100

UNITED STATES OF AMERICA      :

     Respondent

\*\*\*\*\*\*

## MEMORANDUM

Pending are: (1) the Petitioner's Motion to Vacate filed under 28 U.S.C. §2255, ECF No. 29; (2) the Government's response thereto, ECF No. 33; and (3) Petitioner's reply, ECF No. 38.

On June 27, 2006, Allen pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances. He was sentenced on the same day to a term of 112 months imprisonment. ECF No. 24. Allen did not appeal, and so Allen's conviction became final when the opportunity to appeal the district court's judgment expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003).

Section 2255 provides that the statute of limitations runs from "the date on which the conviction became final" unless, *inter alia*, the petitioner claims that the right he asserts is "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(1), (3). Accordingly, unless Allen can establish that his motion relies on such a newly recognized right, the limitations period to file his § 2255 motion began to run fourteen days after his guilty plea and expired one year later. *See* Fed. R. App. P. 4; 28 USC § 2255(f)(1). Thus, when Allen filed the Motion to Vacate on July 30, 2012, the one-year limitations period measured from the date of his conviction had already expired.

Allen argues, however, that *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) involved Supreme Court recognition of a new right to effective assistance of counsel in the plea bargaining context, thus making his motion timely. Allen argues that his counsel was ineffective in advising him of his sentencing range, particularly the scope of the Government's discretion to seek a downward departure, and in generally pressuring him to quickly accept the plea offer, in violation of *Frye* and *Lafler*. ECF No. 29.

In *Frye*, the Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea . . . ." 132 S. Ct. at 1408. Given this duty, the Court emphasized that the right to effective assistance of counsel extends to the negotiation and consideration of plea offers that have been rejected or have lapsed. *Id.* at 1407-08. In *Lafler*, the Court reiterated that the Sixth Amendment requires effective assistance not just at trial but at all critical stages of a criminal proceeding, including plea bargaining. 132 S. Ct. at 1384. In order to prevail on a claim of ineffective assistance of counsel when counsel's ineffective advice led to the rejection of a plea offer, the Court held that "a defendant must show that but for the ineffective advice, there is a reasonable probability that [1] the plea offer would have been presented to the court . . .; [2] the court would have accepted [the plea];" and (3) the defendant was convicted of more serious offense or received a less favorable sentence than he would have received under the terms of the offer. *Id.* at 1385.

Here, Petitioner does not allege that his counsel failed to present a more favorable plea offer than the conviction or sentence he received, nor does he allege that counsel's conduct caused him to reject a plea offer and proceed to trial. To the contrary, Petitioner pled guilty based on a written plea agreement. Thus, neither *Frye* nor *Lafler* reach the facts alleged by Allen, and do not excuse his late filing. Moreover, the Supreme Court has not stated that *Frye* or

*Lafler* announced new rules of law or apply retroactively to cases on collateral review. *See In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012) (concluding that *Frye* and *Lafler* merely involved an application of the Sixth Amendment right to counsel as defined in *Strickland v. Washington*, 466 U.S. 668 (1984)).

Allen was granted additional time to explain why the Court should not dismiss his motion as time-barred and whether equitable tolling applied to his filings. ECF No. 35. In response, Allen reiterates his position regarding *Lafler* and *Frye* and further asserts that he recently became aware of the ruling in *United States v. Divens*, 650 F.3d 343 (4th Cir. 2011), which he maintains held that the government does not possess absolute and unfettered discretion to withhold 3E1.1 sentencing departures. Allen claims that he asked his attorney to advance this argument on his behalf, but counsel declined to do so. Allen claims this is a newly discovered fact making his motion to vacate timely. *Divens* held that the government could not base its refusal to move for an additional one level reduction for acceptance of responsibility on the defendant's refusal to sign a plea agreement containing a waiver of appellate rights. *Divens*, 650 F.3d. at 345-47. *Divens*, a Fourth Circuit decision, does not constitute a new rule of law recognized by the Supreme Court which would serve to excuse Allen's untimely filing. *See* § 2255(f)(3).

As previously explained by this Court, to be entitled to equitable tolling, Allen must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

Allen fails to establish factors that warrant equitable tolling of the statute of limitations. To the extent Allen relies on his *pro se* status to excuse his late filing, such a claim is insufficient to warrant equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding that "ignorance of the law," even for *pro se* litigant, is insufficient for equitable tolling).

Having concluded that the Motion to Vacate was filed beyond the statute of limitations period, and that Allen is not entitled to statutory or equitable tolling of the limitations period, the Court will dismiss the motion as untimely.

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Allen has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

For the reasons stated above, the Petitioner's Motion to Vacate will be DENIED.

8/16/13

William D. Quarles, Jr.
United States District Judge

4